**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

**RICHARD A. JELLYMAN,**         )
                           )
                           )         **CIVIL ACTION**
      **Plaintiff,**       )         **NO.  4:18-40030-TSH**
                           )
           **v.**               )
                           )
**CITY OF WORCESTER, MICHAEL**   )
**SPALATRO, NATHAN P. LAFLECHE,** )
**and ADAM J. BULLOCK,**        )
                           )
      **Defendants.**      )
_____ )

**ORDER AND MEMORANDUM ON DEFENDANT BULLOCK'S MOTION FOR
SUMMARY JUDGMENT (Docket No. 70) and DEFENDANT LAFLECHE'S MOTION
FOR SUMMARY JUDGMENT (Docket No. 73)**

**January 10, 2022**

**HILLMAN, D.J.**

Plaintiff Richard Jellyman alleges that, while he was detained and in handcuffs, a

Worcester Police Department officer, defendant Michael Spalatro, struck him in the face.  The

plaintiff brings this action against Officer Spalatro, four other officers, and the City of Worcester

for statutory and common law claims stemming from the incident.  The plaintiff alleges that the

four other officers, among them defendants Adam Bullock and Nathan LaFleche,[1] failed to

intervene to protect him from the blow (Count I) and conspired to cover up the incident (Count

---

[1] The two other officers have been dismissed from the action.

V).[2]  Officer Bullock and Officer LaFleche move for summary judgment.  (Docket Nos. 70 & 73).[3]
For the following reasons, the Court **_grants_** their motions.

**Background**

Around 1 A.M. on March 6, 2015, the plaintiff was leaving the parking lot of a club in
Worcester when he backed his car into another car parked in the lot.  Officer Spalatro, who was
working a paid detail at the club, witnessed the collision.  As Officer Spalatro approached the
plaintiff's car, the plaintiff drove off, striking Officer Spalatro in the hip with his mirror.

Police dispatch sent out a broadcast to be on the lookout for a car that had struck an officer.
The broadcast contained a description of the car and a partial plate number.  A few minutes later,
Officer LaFleche, who was on patrol in the area, observed a car matching the description traveling
on the wrong side of the road.  Officer LaFleche activated his lights and stopped the car.

The driver, who was later identified as the plaintiff, got out of the car, despite Officer
LaFleche's orders to the contrary.  In response, Officer LaFleche got out of his cruiser, placed the
plaintiff in an escort position, and brought the plaintiff to the rear of his car.  Because traffic was
picking up in the area and the plaintiff kept fiddling and moving around, Officer LaFleche decided
to place the plaintiff in handcuffs.  Around this time, Officer Bullock arrived to assist with the
stop.  Upon pat frisking the plaintiff, the officers found an insulin pump.  Concerned that the
plaintiff might be experiencing a medical situation, the officers called for paramedics.  Meanwhile,
another officer brought Officer Spalatro to the scene for a possible identification.

---

[2] The plaintiff's claim against the officers for intentional infliction of emotional distress
(Count III) has been dismissed.

[3] Neither Officer Spalatro nor the City of Worcester has moved for summary judgment.

What happened next is in dispute.  According to the plaintiff, Officer Spalatro came up from behind him and, without warning, struck him in the left eye with a single punch.  Officer LaFleche was standing next to the plaintiff, "some distance away," which the plaintiff believed was at least a few feet.  Another officer was "a ways away," potentially more than twenty feet.  The plaintiff asked Officer Spalatro, "What was that for?"  Officer Spalatro responded, "[F]or hitting an officer," or something to that effect.

According to Officer Spalatro, when he arrived at the scene, the plaintiff was leaning against his car, slumped over.  Officer Spalatro pushed him upright, identified him as the person from the club, and asked him a series of questions.  Officer Spalatro then returned to his detail at the club.

According to Officer LaFleche, he was standing next to the plaintiff, looking away, when he heard Officer Spalatro's voice.  He turned his head and saw Officer Spalatro questioning the plaintiff.  Officer Spalatro's arm was outstretched, and his hand was on the plaintiff's chest.

According to Officer Bullock, he was holding the plaintiff's left arm when Officer Spalatro arrived.  Officer Spalatro was yelling at the plaintiff as he approached.  Officer Spalatro "got up very close" to the plaintiff and extended his right arm in the plaintiff's direction.  It looked like a strike.  Officer Bullock did not file a report with a superior, however, because the plaintiff "made no complaint of injuries, [and] he didn't say anything about being struck."  Indeed, when paramedics arrived, the plaintiff made no mention of any injuries.

The plaintiff commenced this action in March 2018.  As relevant here, he alleges that Officer LaFleche and Officer Bullock failed to intervene to protect him from Officer Spalatro's strike (Count I), and that Officer LaFleche and Officer Bullock conspired to cover up the incident (Count V).  Officer LaFleche and Officer Bullock move for summary judgment on both claims.

## Legal Standard

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue is "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it may affect the outcome of the suit. *Id.* When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

## Discussion

### 1. Failure to Intervene

Under 42 U.S.C. § 1983, the victim of an officer's use of excessive force may hold another officer liable for failing to intervene. *See Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990). An officer's "mere presence at the scene," however, is not enough. *See Calvi v. Knox County*, 470 F.3d 422, 428 (1st Cir. 2006). The officer must have had a realistic opportunity, with sufficient time, to prevent the attack, *see Davis v. Rennie*, 264 F.3d 86, 102 (1st Cir. 2001), or have been "instrumental in assisting the actual attacker to place the victim in a vulnerable position," *Martinez v. Colon*, 54 F.3d 980, 985 n.4 (1st Cir. 1995).

Here, no reasonable jury could find that either Officer LaFleche or Officer Bullock had a realistic opportunity, with sufficient time, to prevent the attack. Viewing the evidence in the plaintiff's favor, Officer Spalatro approached the plaintiff, yelling, and struck him once in the left eye. Both Officer LaFleche and Officer Bullock were standing next to the plaintiff at the time. Unlike in *Davis*, 264 F.3d at 104, however, where the attack lasted only seconds but consisted of

4

several, repeated punches, here, the record indicates that Officer Spalatro struck the plaintiff only once.  The attack was just too brief.  *See Wilson v. Town of Mendon*, 294 F.3d 1, 14 (1st Cir. 2002) (no realistic opportunity to intervene where struggle "lasted only a few seconds"); *Gaudreault*, 923 F.2d at 207 n.3 (no realistic opportunity to intervene where "attack came quickly and was over in a matter of seconds"); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (no realistic opportunity to intervene where "three blows were struck in . . . rapid succession").

Likewise, no reasonable jury could find that either Officer LaFleche or Officer Bullock were instrumental in assisting the attack.  The plaintiff argues that there was no legitimate reason for Officer Spalatro to come to the scene because, by the time Officer LaFleche had stopped the plaintiff's car, Officer Lafleche had probable cause to arrest the plaintiff.  The plaintiff contends that a jury, therefore, could infer that Officer LaFleche and Officer Bullock knew that Officer Spalatro was coming to the scene to administer corporal punishment, yet they did nothing about it.  The plaintiff implies that this is enough to hold Officer LaFleche and Officer Bullock liable for failing to intervene.  The Court disagrees.

It is undisputed that Officer LaFleche handcuffed the plaintiff due to safety concerns and, after finding the plaintiff's insulin pump, believed that the plaintiff was experiencing a medical situation.  Officers then called for paramedics.  Thus, even if Officer LaFleche and Officer Bullock knew that Officer Spalatro did not need to come to the scene to make an identification, it would be speculative, at best, to conclude that they were keeping the plaintiff at the scene to assist Officer Spalatro's attack.  *See Calvi*, 470 F.3d at 426 (party opposing summary judgment must rely on more than unsupported speculation).  The record does not support an inference that Officer LaFleche and Officer Bullock were in a joint enterprise with Officer Spalatro.  *See Wilson*, 294

5

F.3d at 15.   Accordingly, summary judgment on the plaintiff's failure-to-intervene claim is warranted.

### 2. Conspiracy

As to conspiracy, the plaintiff argues, in his opposition, that Officer LaFleche and Officer Bullock tacitly agreed ahead of the attack to permit Officer Spalatro to assault the plaintiff.   In his complaint, however, the plaintiff alleges only that the officers conspired to cover up the attack.

The plaintiff is "not entitled to raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment."   *Calvi*, 470 F.3d at 431; *see also Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 76 (1st Cir. 2016); *Ellis v. North Andover Public Schools*, 2021 WL 5040330, at *3 (D. Mass. Oct. 29, 2011).   The Court has twice before admonished plaintiff's counsel for improperly recharacterizing conspiracy claims in opposition to motions for summary judgment.   *See Burgos Martinez v. City of Worcester*, 502 F. Supp. 3d 606, 619 (D. Mass. 2020); *Deptula v. City of Worcester*, 2020 WL 1677633, at *8 (D. Mass. Apr. 6, 2020).   The Court's message in *Burgos Martinez* was clear: "The Court will not continue to indulge this error." 502 F. Supp. 3d at 619.

Accordingly, the Court will hold the plaintiff to his original complaint.   *See Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015).   The complaint is unclear as to whether the conspiracy is alleged under 42 U.S.C. § 1983 or the common law.   Under 42 U.S.C. § 1983, as the Court noted in a previous order in this case, *see* Docket No. 25, the alleged cover up, even if accepted as true, does not give rise to liability.   *See Landrigan v. City of Warwick*, 628 F.2d 736, 741 (1st Cir. 1980); *see also Sánchez*, 972 F.3d at 12.   Under the common law, moreover, the record contains no evidence to support a finding that Officer LaFleche and Officer Bullock acted "in concert and in furtherance of a common design or agreement" to hide Officer Spalatro's strike.   *See Bartle v.*

*Berry*, 953 N.E.2d 372, 383-84 (Mass. App. Ct. 2011).  It is undisputed that none of the officers had discussions with each other at the scene about anything that Officer Spalatro might have done. And the plaintiff has pointed to no circumstantial evidence from after the incident to suggest the existence of an agreement.  Even if a jury could infer that each officer witnessed the strike and chose not to report it, evidence of joint tortious conduct is not enough.  *See Gutierrez v. Massachusetts Bay Transp. Auth.*, 772 N.E.2d 552, 568 (Mass. 2002).  There must be an agreement, and here, even drawing all reasonable inferences in the plaintiff's favor, there was none.  Thus, summary judgment is warranted on the plaintiff's conspiracy claim as well.

### Conclusion

For the reasons stated, the Court ***grants*** Officer Bullock and Officer LaFleche's motions for summary judgment.  (Docket Nos. 70 & 73).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**